**CAPITAL PRODUCTS, Inc., Appellant,**

v.

**Paul T. ROMER, Appellee.**

**No. 14101.**

United States Court of Appeals
District of Columbia Circuit.

Argued Jan. 14, 1958.

Decided Feb. 6, 1958.

Mr. J. Joseph Barse, Washington, D. C., with whom Messrs. H. Mason Welch, J. Harry Welch and Arthur V. Butler, Washington, D. C., were on the brief, for appellant.

Mr. Foster Wood, Washington, D. C., with whom Messrs. Samuel W. McCart and Robert F. Sutphin, Washington, D. C., were on the brief, for appellee.

Before BAZELON, FAHY and BURGER, Circuit Judges.

PER CURIAM.

Appellant, a contractor, installed electrically controlled overhead doors for several District of Columbia Fire Department stations. A timing device, actuated by a pull cord, was set to hold the door open for exactly three minutes, thus giving the trucks time to depart. The pull cord was located at a point within reach of the "bucket seat" of the fireman who operated the rear wheel steering of the hook and ladder truck 60 feet long. Appellee, occupying the "bucket seat" and in control of rear steering, pulled the cord which caused the door to open. As the fire truck left the station the timer failed to keep the door open the full three minutes for which the timer was set and on the contrary closed just before the rear of the truck cleared, striking and causing severe and disabling injuries to appellee. A jury awarded appellee $40,000 damages.

The record discloses that as a result of the accident, appellee, age 50, secured medical retirement from the Fire Department at half pay under an established pension system. Appellant claims that

he should have been allowed to introduce this fact in mitigation of damages. The contention is unsound. See Hudson v. Lazarus, 1954, 95 U.S.App.D.C. 16, 217 F.2d 344, holding that free hospital care does not mitigate damages. See also Sainsbury v. Pennsylvania Greyhound Lines, Inc., 4 Cir., 1950, 183 F.2d 548, 21 A.L.R.2d 266.

We have carefully examined the other allegations of error urged by appellant and find no error which would warrant disturbing the verdict of the jury.

Affirmed.